UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARGIE McLAUGHLIN,            :
                              :
        Plaintiff             :
                              :
    v.                        : CIVIL NO. 3:CV-06-1385
                              :
KAREN L. FULTZ, et al.,       : (Judge Kosik)
                              :
        Defendants            :

**M E M O R A N D U M**

**Background**

Margie McLaughlin, an inmate currently confined at the State Correctional Institution at Muncy, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants are Karen L. Fultz, Sergeant Brittain and Correctional Officer Gondeiro, all employees at SCI-Muncy. In the complaint McLaughlin sets forth allegations of denial of access to the courts and retaliation. On July 27, 2006, McLaughlin submitted exhibits which she clearly intended to be a part of her complaint. (Doc. 10.) On October 4, 2006, the court issued an Order construing McLaughlin's filing of July 27, 2006 as a supplement to the complaint and directing service of the complaint and supplement thereto on the three defendants named therein. (Doc. 16.) In addition, a motion to appoint counsel filed by McLaughlin on

August 14, 2006 was served on defendants. A waiver of service was filed with the court on November 17, 2006. On December 5, 2006, defendants filed a motion to dismiss the complaint (Doc. 24).

Presently pending before the court are the following motions: Plaintiff's Motions for Default Judgment filed on October 25, 2006 and December 7, 2006 (Docs. 17, 25); Plaintiff's Motion for Summary Judgment filed on November 21, 2006 (Doc. 19) and Defendants' Motion for Extension of Time Nunc Pro Tunc to file their Motion to Dismiss (Doc. 27). Also pending is a document filed by Plaintiff on November 21, 2006 entitled "Amended Complaint" (Doc. 21). For the reasons that follow, the pending motion for appointment of counsel will be denied without prejudice, the remaining motions will be denied as moot, and Plaintiff afforded fifteen (15) days within which to file an amended complaint in this action.

**Discussion**

Following service of the complaint and supplement thereto on October 4, 2006, Plaintiff filed a motion for default judgment (Doc. 17.) This motion will be denied in that a waiver of service was thereafter filed with the court on November 17, 2006 which establishes that a response to the complaint was not due until early December. The other motions that have since been filed, including Defendants' Motion to Dismiss, Plaintiff's Motion for Summary Judgment and Defendants' Motion for Extension of Time Nunc Pro Tunc to file their Motion to Dismiss, can all be denied as

2

moot in light of Plaintiff's filing of November 21, 2006 (Doc. 21).  This filing is labeled as an "Amended Complaint." In reviewing the document, Plaintiff merely sets forth a list of ten (10) individuals she wishes to now add in this lawsuit.  She does not set forth any claims against them in her filing, but clearly wishes to include them in this action in addition to the original defendants.[1]

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff may amend her pleading once as a matter of course at any time before a responsive pleading is served.  As such, the court will afford her fifteen (15) days within which to file an amended complaint in this action.  In preparing the amended complaint, Plaintiff is advised that Federal Rule of Civil Procedure 8(a) requires, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  The Supreme Court has stated that this "notice pleading" requirement means that the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).

To meet the standards set forth in Rule 8, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct

---

[1] Because this document has not been accepted by the court as either a supplement to the complaint or an amended complaint, the Clerk of Court will be directed to remove from the docket sheet as defendants the ten (10) individuals named by Plaintiff in this filing.

3

of the defendants purported to have harmed the plaintiff.  "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." Walker v. South Central Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).  Although there is not a heightened pleading standard in § 1983 cases, a civil rights complaint such as Plaintiff's, in order to comply with the standards of Rule 8, must at least set forth some facts which specifically identify the conduct of each defendant that is asserted to have violated plaintiff's rights.  See Grudzinski v. Commonwealth of Pennsylvania, No. 97-0739, slip op. at p. 6 (M.D. Pa. April 17, 1998)(Vanaskie, J.); Jefferson v. Warden Dominick Derose, No. 97-1268, slip op. at p. 5 (M.D. Pa. November 3, 1997)(McClure, J.).  A civil rights complaint can meet this standard if it alleges the unlawful conduct, the date and place of that conduct, and the identity of the defendant responsible.  Id.

As previously stated, Plaintiff will be afforded fifteen (15) days within which to submit her new amended complaint.  She is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by defendants which have resulted in constitutional deprivations. E.g., Rizzo v. Goode, 423 U.S. 362, 370-73 (1976).

4

To the extent Plaintiff requests the appointment of counsel, her motion will be denied without prejudice at this time. It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915.  Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499.  Plaintiff is at the stage in this case procedurally where she is provided with the opportunity to submit an amended complaint.  As such, it cannot be determined at this point whether there is any arguable merit to the claims she will assert.  The record thus far, however, gives every indication that Plaintiff has the capability to continue litigating this action

without the assistance of counsel at this time. A weighing of the other pertinent factors in considering whether to appoint counsel militate against the granting of Plaintiff's motion at this time. Those factors are:

> 1. The plaintiff's ability to present his or her own case;
>
> 2. The difficulty of the particular legal issues;
>
> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and,
>
> 6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

Plaintiff has thus far demonstrated the ability to successfully litigate this case on her own, including her ability to prepare and file motions in this case which are understandable, as well as oppose motions filed by Defendants. While she contends in her motion filed on August 14, 2006, that Defendants interfere with what documents she takes to the law library and the mail she seeks to send to the court, she does not claim she is prohibited from accessing the law library and the record reveals that her mailings are being received by the court. As such, the pending motion for appointment of counsel will be denied at this time, but without prejudice. Should

6

future proceedings demonstrate the need for counsel, the matter can be reconsidered, either <u>sua</u> <u>sponte</u> or upon a motion properly filed.

  The remaining motions pending at this time will be denied without prejudice in light of the fact that Plaintiff is being afforded the opportunity to file an amended complaint in this action.  An appropriate Order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGIE McLAUGHLIN,<br>       Plaintiff | :<br>:<br>: |
| v. | : CIVIL NO. 3:CV-06-1385<br>: |
| KAREN L. FULTZ, et al.,<br>       Defendants | : (Judge Kosik)<br>: |

**O R D E R**

**NOW, THIS 15th DAY OF DECEMBER, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (Doc. 13) is denied without prejudice.

2. Plaintiff's Motion for Default Judgment (Doc. 17) is denied.

3. Within fifteen (15) days from the date of this Order, Plaintiff may file an amended complaint in this action in accordance with the accompanying Memorandum. If she fails to do so, the action will proceed on the complaint presently before the court which consists only of Documents 1 and 10. The Clerk of Court is directed to remove from the docket the names of the ten (10) individuals listed in Plaintiff's filing of November 21, 2006 (Doc. 21), as this document has not been accepted by the court as a supplement or amendment to the standing complaint.

4. All remaining pending motions are denied without prejudice (Docs. 19, 24, 25, 27).

                                         s/Edwin M. Kosik
                                         United States District Judge