UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGIE McLAUGHLIN, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-1385 |
| | : |
| KAREN L. FULTZ, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

**M E M O R A N D U M**

**I.   Introduction**

Margie McLaughlin, an inmate confined at the State Correctional Institution at Muncy (SCI-Muncy), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter proceeds on an amended complaint consisting of three (3) documents - the original complaint, exhibits thereto and an amended document filed on December 28, 2006.  (Docs. 1, 10 and 34.)  Presently pending are Plaintiff's motions for a temporary restraining order (Doc. 38), for counsel (Doc. 46) and for default judgment (Docs. 48, 57).  Also pending is Defendants' motion for enlargement of time to file one answer on behalf of all Defendants (Doc. 51).

**II.     Background**

In the original complaint filed on July 14, 2006 (Doc. 1), McLaughlin names as Defendants SCI-Muncy employees Karen L. Fultz, Deputy Facilities Manager, and Correctional Officers Brittain and Gondeiro.  The claims set forth against these Defendants include denial of access to the courts and retaliation.  On October 4, 2006, the court construed exhibits filed by McLaughlin on July 27, 2006 to be a supplement to her complaint.  Thereafter, Defendants filed a motion to dismiss the complaint.  Following Defendants' filing, Plaintiff submitted a document entitled "Amended Complaint" which simply listed ten (10) new defendants she wished to include in this lawsuit, but failed to set forth any claims against them.

On December 15, 2006, the court denied without prejudice the motion to dismiss filed by the original three (3) Defendants, and afforded Plaintiff the opportunity to file one all-inclusive amended complaint setting forth her claims against all Defendants.  On December 28, 2006, an amended complaint was submitted.  It lists the ten (10) new Defendants Plaintiff attempted to include in her filing of November 21, 2006, and this time set forth claims against them.  The claims all revolve around Plaintiff's allegations of denial of access to the courts, retaliation and other claims arising from the overall alleged hostile environment she is being subjected to by the employees at SCI-Muncy.  The complaint, however, failed to include the three (3) original Defendants when it listed the defendants in the amended

2

complaint. There were, however, references to the original Defendants in the body of the amended complaint with regard to the new claims added.

A motion to dismiss the amended complaint on this basis was thereafter filed by the original Defendants. Plaintiff opposed the motion stating that she fully intended to keep the original 3 Defendants and the claims against them in this action. On July 2, 2007, the court issued a Memorandum and Order denying the motion to dismiss the amended complaint by the original Defendants, and construing the amended complaint to consist of the original complaint, the supplements thereto and the amended complaint filed on December 28, 2006.[1] Service of the standing amended complaint was directed on the new Defendants (all DOC employees and most employed at SCI-Muncy), and the original Defendants were directed to respond to the complaint within twenty (20) days. (Doc. 44.)

On July 10, 2007, Plaintiff moved for the appointment of counsel and filed a brief in support thereof. (Doc. 46.) On July 23, 2007, a motion for default judgment, brief and supporting affidavit were also filed. (Docs. 48-50.) On the same date, Defendants filed a motion seeking an extension of time of twenty (20) days to respond to Plaintiff's motion for temporary restraining order and a stay on their

---

[1] The reasoning behind the court's decision was that in reviewing the amended complaint submitted, it was clear that Plaintiff intended the newly added 10 Defendants to be in addition to the original 3 Defendants. In light of Plaintiff's pro se status, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court construed the standing complaint to consist of Documents 1, 10 and 34.

obligation to answer the amended complaint so that one answer on behalf of all Defendants could be filed at one time. (Doc. 51.) A brief in support of the motion was also filed. (Doc. 52.) Plaintiff opposed the extension in a brief filed on August 10, 2007 (Doc. 53).

On October 1, 2007, a waiver of service was returned on behalf of the newly added Defendants. (Doc. 54.) On October 15, 2007, an answer to the complaint was filed on behalf of all Defendants. (Doc. 56.) A second motion for default was submitted by Plaintiff on October 18, 2007. (Doc. 57.) Defendants filed their opposition to Plaintiff's motion for temporary restraining order on October 23, 2007. (Doc. 59.)[2]

## III. Discussion

### A.   Motion for Counsel

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499

---

[2] Also appearing on the docket are two briefs filed by Plaintiff in opposition to the motion to dismiss Plaintiff's amended complaint filed by the original 3 Defendants on March 16, 2007. These briefs were submitted by Plaintiff on October 22, 2007 (Doc. 58) and November 1, 2007 (Doc. 60). However, on July 2, 2007, the court denied said motion to dismiss and directed said Defendants to respond to the amended complaint (Doc. 44).

(3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

     The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499.  Procedurally, the instant case is still in the early stages, despite having been commenced over a year ago.  Further, a weighing of the other pertinent factors militate against appointment of counsel at this time.  Those factors are:

> 1. The plaintiff's ability to present his or her own case;
>
> 2. The difficulty of the particular legal issues;
>
> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and,

5

>    6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

In the instant motion, Plaintiff contends that false misconduct charges have been filed against her and that she is wrongfully confined in the RHU. She further contends that some of her legal and religious papers remain unaccounted for following an alleged incident where Defendant Brittain "ransacked" through her property. She states that this occurred immediately following a Memorandum and Order issued by this court denying a motion to dismiss filed by the original 3 Defendants in this action. One of these Defendants is Defendant Brittain. (Doc. 47 at 2.) Based upon the foregoing, she would like counsel appointed to initiate a prison transfer for her or obtain injunctive relief on her behalf to restore her to the general population.

While several issues exist in the instant case, such issues are straightforward, involving the application of established legal principles to the factual situation at hand. A review of Plaintiff's filings thus far certainly demonstrate her ability to successfully litigate this case on her own, including her ability to prepare and file motions in this case which are understandable. Plaintiff's filings set forth comprehensible arguments. A review of the filings confirms that Plaintiff is literate and is capable of representing herself despite her incarceration, even when she was in the RHU. Further, the entire basis for the request for counsel is to pursue a transfer

relating to allegations which are not even part of the instant action. Accordingly, the motion for the appointment of counsel will be denied without prejudice (Doc. 48) at this time. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court <u>sua sponte</u> or the filing of a motion by Plaintiff.

**B.     Motion for Temporary Restraining Order**

Also pending is Plaintiff's Motion for a temporary restraining order. (Doc. 38.) In her motion for injunctive relief, Plaintiff claims that Defendants are failing to address her various complaints in the RHU. She specifically claims that her food proportions during breakfast and dinner have been decreased and that her medical complaints which include chest pains, pulsating optical nerve in the left eye, weight loss and lightheadedness are not being addressed. She further contends that her request for access to the RHU mini law library on February 28, 2007, was not scheduled until twelve (12) days later, and that she is retaliated against for filing lawsuits. She seeks a court order restraining Defendants from engaging in the above activity.

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. <u>See</u> <u>American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.</u>, 42 F.3d 1421, 1426-27 (3d Cir. 1994), <u>cert. denied</u>, 514 U.S. 1103 (1995). Moreover, issuance of such relief is at the discretion of the trial judge. <u>Orson, Inc. v. Miramax Film, Corp.</u>, 836 F. Supp. 309, 311 (E.D. Pa. 1993). In

7

determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors:

> (1) likelihood of success on the merits;
> (2) irreparable harm resulting from a denial of relief;
> (3) the harm to the non-moving party if relief is granted; and
> (4) the public interest.

United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003)(internal citations omitted). It is the moving party that bears the burden of satisfying these factors. (Id.)

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. See Continental Group, Inc., v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued. Id. Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation,

8

weights heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).  Of course, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.  See Weaver v. Wilcox, 650 F.2d 22, 27 n. 13 (3d Cir. 1981)(prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages.)  "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction."  In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982).

In considering the factors outlined above, it is clear that injunctive relief is not warranted.  The conditions of which Plaintiff complains in her motion are all related to her confinement in the Restricted Housing Unit.  Defendants have attached the declaration of Susan Hartman, Corrections Counselor at SCI-Muncy, which reveals that Plaintiff was released from the RHU on October 2, 2007, and now resides in the H Unit, within the general population.  (Doc. 59, Ex. 1.)  In the H Unit, she has access to the institution's main law library and the main dining hall.  Hartman further declares that since her transfer to the H Unit, Plaintiff has not received any misconducts which could result in her possible confinement in the RHU.  As such, because Plaintiff is no longer subject to the conditions raised in her motion, her claims are moot.

9

Even if Plaintiff were still subjected to the conditions complained of, many of these issues are neither claims contained in the complaint pending before the court nor claims where Plaintiff has demonstrated that she will suffer irreparable injury if not granted the injunctive relief requested. Accordingly, the motion will be denied.

### C. Motion for Default Judgment

On July 2, 2007, the court issued a Memorandum and Order construing the standing amended complaint in this action to consist of Documents 1, 10 and 34. (Doc. 44.) The United States Marshal was directed to serve the standing amended complaint on all of the newly named Defendants, while the original Defendants (Brittain, Fultz and Gondeiro) were directed to file a response to the standing amended complaint and motion for temporary restraining order within twenty (20) days of the court's Order.

On July 23, 2007, Plaintiff filed a motion seeking default judgment against Defendants. (Doc. 48.) However, on the same date, Defendants Fultz, Brittain and Gondeiro filed a motion for extension of time to respond to Plaintiff's filings (Doc. 51). The basis for the request for extension of time was so that the newly named Defendants could be served with the documents and one answer on behalf of all Defendants filed at one time. This motion for enlargement was timely filed by Defendants. As such, it will be granted nunc pro tunc and the answer to the complaint (Doc. 56) and the response to the motion for temporary restraining order

10

(Doc. 59) deemed timely submitted.  Accordingly, Plaintiff's motion for default filed on July 23, 2007 (Doc. 48) will be denied.[3]  In an effort to move this case toward a resolution, a scheduling order will be issued setting a discovery deadline and imposing a time limit for the filing of dispositive motions.  An appropriate Order follows.

---

[3] Also appearing on the docket is a second motion for default judgment filed by Plaintiff on October 18, 2007. (Doc. 57.) In the motion, it appears that Plaintiff seeks the entry of default judgment based upon her allegations that Defendants are obstructing her access to the court in the instant action. According to the docket sheet, an answer to the complaint was filed by Defendants on October 15, 2007 (Doc. 56), three days prior to Plaintiff's filing of the second motion for default judgment. It also appears that based upon the waivers of service in this case, the answer was timely filed. Accordingly, the motion for default judgment will be denied. Further, while Plaintiff argues that default should be entered based upon her belief that Defendants are somehow restricting her access to the court with regard to this action, the docket sheet reveals that Plaintiff clearly has access to the court as evidenced by her filings in this matter.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGIE McLAUGHLIN, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-1385 |
| | : |
| KAREN L. FULTZ, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

# **O R D E R**

**NOW, THIS 28th DAY OF JANUARY, 2008,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

    1. Plaintiff's motion for counsel (Doc. 46) is **denied without prejudice.**

    2. Plaintiff's motion for temporary restraining order (Doc. 38) is **denied**.

    3. Defendants' motion for extension of time (Doc. 51) is **granted nunc pro tunc**. The answer to the complaint and response to the motion for injunctive relief are deemed timely filed.

    4. Plaintiff's motions for default (Docs. 48, 57) are **denied**.

5.  Within sixty (60) days from the date of this Order, all discovery shall be completed by the parties.  Any dispositive motions shall be filed within thirty (30) days from the close of discovery.

                         *s/EDWIN M. KOSIK*
                         United States District Judge